# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

MANUEL GUADIAN, §
    *Plaintiff*, §
     §
v. §      Case 3:23-cv-00329-KC
     §
DEBTBLUE, LLC, NATIONAL §
LITIGATION LAW GROUP, LLP, §
COUNCIL LAW GROUP, PLLC, §
    *Defendants*. §

## DEFENDANTS' ORIGNAL ANSWER TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants DebtBlue, LLC (DebtBlue), National Litigation Law Group, LLP (NLLG), and Council Law Group, PLLC (CLG) (collectively Defendants) file this answer to the first amended complaint filed by Plaintiff Manuel Guadian (Guadian) on October 24, 2023 (Complaint)(ECF No. 14). DebtBlue, NLLG, and CLG separately deny each and every material allegation in the Complaint aside from those expressly admitted by each one herein. This answer is submitted subject to and without waiver of Defendants' motion to dismiss (ECF No. 17), which is incorporated by reference herein.

### PARTIES

1.    Upon information and belief, Defendants admit the allegations in paragraph 1 of the Complaint.

2.    Defendants admit the allegations in paragraph 2 of the Complaint.

3.    Defendants deny the allegations in paragraph 3 of the Complaint.

4.      Defendants admit the allegations in paragraph 4 of the Complaint.

5.      DebtBlue denies that it provided any instruction, direction, or oversight of any telemarketing calls made by Empower People (Empower). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint.

6.      The allegations in paragraph 6 of the Complaint constitute non-factual matters to which no response is required.

## NATURE OF ACTION

7.      The allegations in paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the U.S. Supreme Court's opinion in *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335 (2020) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that opinion in whole or in every part.

8.      The allegations in paragraph 8 of the Complaint constitute legal conclusions or a characterization of Guadian's complaints to which no response is required. To the extent a response is required, Defendants deny that Guadian is entitled to any relief under the Telephone Consumer Protection Act (TCPA), and further denies that Defendants or anyone acting on behalf of Defendants placed unauthorized phone calls to Guadian in violation of the TCPA.

9.      Defendants deny the allegations in paragraph 9 of the Complaint.

10.     Defendants deny the allegations in paragraph 10 of the Complaint.

<u>**JURISDICTION AND VENUE**</u>

11.     The allegations in paragraph 11 of the Complaint constitute legal conclusions or a characterization of Guadian's complaints to which no response is required. To the extent a response is required, Defendants do not challenge subject matter jurisdiction in this case.

12.     The allegations in paragraph 12 of the Complaint constitute legal conclusions or a characterization of Guadian's complaints to which no response is required. To the extent a response is required, Defendants do not challenge supplemental subject matter jurisdiction in this case.

13.     The allegations in paragraph 13 of the Complaint constitute legal conclusions or a characterization of Guadian's complaints to which no response is required. To the extent a response is required, Defendants do not challenge personal jurisdiction in this case.

14.     The allegations in paragraph 14 of the Complaint constitute legal conclusions or a characterization of Guadian's complaint to which no response is required. To the extent a response is required, Defendants do not challenge venue in this case.

<u>**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**</u>

15.     The allegations in paragraph 15 of the Complaint constitute legal

conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and any corresponding legislative history) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or legislative history) in whole.

16.     The allegations in paragraph 16 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

17.     The allegations in paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

18.     The allegations in paragraph 18 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

19.     The allegations in paragraph 19 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

20.    The allegations in paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

21.    The allegations in paragraph 21 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

22.    The allegations in paragraph 22 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the Federal Communication Commission [FCC] interpretation of the TCPA by the) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

23.    The allegations in paragraph 23 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

24.    The allegations in paragraph 24 of the Complaint constitute legal

conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

25.     The allegations in paragraph 25 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

26.     The allegations in paragraph 26 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the U.S. Supreme Court's opinion in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that opinion in whole.

## **FACTUAL ALLEGATIONS**

27.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29.     The allegations in paragraph 29 of the Complaint constitute legal

conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute in whole.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32.     DebtBlue admits that it provides debt relief services to individuals. Defendants deny any remaining allegations in paragraph 32 of the Complaint.

33.     NLLG admits that it provides legal services to individuals. CLG admits that it provides legal services to individuals. Defendants deny any remaining allegations in paragraph 33 of the Complaint.

34.     CLG admits that it provides legal services to DebtBlue clients under the limited scope to educate and help identify when creditors, collection agencies, or debt buyers are using illegal or improper means to collect debts from the client. NLLG admits that it provides legal services to DebtBlue clients under the limited scope to defend its clients in lawsuits to collect consumer debts listed on a schedule of creditors disclosed to DebtBlue by the clients. Defendants deny any remaining allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     DebtBlue admits Corey Butcher is its manager.

54.     CLG admits Shawn Council is its director and president.

55. NLLG denies that it is owned or operated by Mark Grossman.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66. Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 66 of the Complaint.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint.

76.     Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 76 of the Complaint.

77.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     DebtBlue admits that on or about June 15, 2023, at the request of Guadian, DebtBlue Sales Specialist Maria Segura had a 40-minute telephonic financial counseling session with Guadian wherein he provided his personal and financial information. Defendants deny the remaining allegations in paragraph 81 of the Complaint.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint.

83.     DebtBlue admits that on or about June 15, 2023, at the request of Guadian, DebtBlue Sales Specialist Maria Segura had a 40-minute telephonic financial counseling session with Guadian wherein he provided his personal and financial information. Defendants deny the remaining allegations in paragraph 83 of the Complaint.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85.     Defendants deny the allegations in paragraph 85 of the Complaint.

86.     DebtBlue admits that on or about June 15, 2023, at the request of Guadian, DebtBlue Sales Specialist Maria Segura had a 40-minute telephonic financial counseling session with Guadian wherein he provided his personal and financial information. Defendants deny the remaining allegations in paragraph 86 of the Complaint.

87.     DebtBlue admits that on or about June 15, 2023, at the request of Guadian, DebtBlue Sales Specialist Maria Segura had a 40-minute telephonic financial counseling session with Guadian wherein he provided his personal and financial information. Defendants deny the remaining allegations in paragraph 87 of the Complaint.

88.     DebtBlue admits that on or about June 15, 2023, and June 16, 2023, at the request of Guadian, DebtBlue sent an email to Guadian providing him an electronic copy of DebtBlue's Enrollment Application. Defendants deny the remaining allegations in paragraph 88 of the Complaint.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Defendants deny the allegations in paragraph 90 of the Complaint.

91.     NLLG and CLG admit that clients pay a total fixed fee of $39.95 per month for legal services provided under the limited scope engagement agreement. Defendants deny any remaining allegations in paragraph 91 of the Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 93 of the Complaint.

94.     Defendants deny the allegations in paragraph 94 of the Complaint.

95.     Defendants deny the allegations in paragraph 95 of the Complaint.

96.     Defendants deny the allegations in paragraph 96 of the Complaint.

97.     The allegations in paragraph 97 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the registration certificate required under section 302.101 of the Texas Business & Commerce Code is inapplicable to Defendants. Defendants deny the remaining allegations in paragraph 97 of the Complaint.

98.     The allegations in paragraph 98 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the registration certificate required under section 302.101 of the Texas Business & Commerce Code is inapplicable to Defendants. Defendants deny the remaining allegations in paragraph 98 of the Complaint.

99.     The allegations in paragraph 99 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, the exemptions set forth in section 302.053 of the Texas Business & Commerce Code are inapplicable. Defendants deny the remaining allegations in paragraph 99 of the Complaint.

100.    Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 100 of the Complaint.

101.    Defendants deny the allegations in paragraph 101 of the Complaint.

102.    Defendants deny the allegations in paragraph 102 of the Complaint.

103.    Defendants deny the allegations in paragraph 103 of the Complaint.

104.    The allegations in paragraph 104 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 104 of the Complaint.

105.    Defendants deny the allegations in paragraph 105 of the Complaint.

**VICARIOUS LIABILITY OF DEFENDANTS**
**DEBTBLUE, CLG AND NLLP FOR THE CONDUCT OF EMPOWER**
**(All Defendants)**

106.    Defendants deny the allegations in paragraph 106 of the Complaint.

107.    The allegations in paragraph 107 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

108.    The allegations in paragraph 108 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable

construction of that statute (or the FCC's interpretation of that statute) in whole.

109.    The allegations in paragraph 109 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

110.    The allegations in paragraph 110 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

111.    The allegations in paragraph 111 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

112.    The allegations in paragraph 111 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable

construction of that statute (or the FCC's interpretation of that statute) in whole.

113.    The allegations in paragraph 113 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

114.    The allegations in paragraph 114 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

115.    Defendants deny the allegations in paragraph 115 of the Complaint.

116.    Defendants deny the allegations in paragraph 116 of the Complaint.

117.    Defendants deny the allegations in paragraph 117 of the Complaint.

118.    Defendants deny the allegations in paragraph 118 of the Complaint.

119.    Defendants deny the allegations in paragraph 119 of the Complaint.

120.    Defendants deny the allegations in paragraph 120 of the Complaint.

121.    Defendants deny the allegations in paragraph 121 of the Complaint.

122.    Defendants deny the allegations in paragraph 122 of the Complaint.

123.    The allegations in paragraph 123 of the Complaint constitute legal

conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

124.    The allegations in paragraph 124 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

125.    The allegations in paragraph 125 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

126.    Defendants deny the allegations in paragraph 126 of the Complaint.

127.    The allegations in paragraph 127 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the TCPA (and the FCC's interpretation of the TCPA) speaks for itself and denies any characterization inconsistent with or that will not uphold a reasonable construction of that statute (or the FCC's interpretation of that statute) in whole.

128.    Defendants deny the allegations in paragraph 128 of the Complaint.

**THE TEXAS BUSINESS AND COMMERCE CODE 305.053**
**(All Defendants)**

129.    The allegations in paragraph 129 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the Texas Business and Commerce Code and the TCPA speak for themselves and deny any characterization inconsistent with or that will not uphold a reasonable construction of those statutes in whole. Defendants deny the remaining allegations in paragraph 129 of the Complaint.

130.    The allegations in paragraph 130 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the Texas Business and Commerce Code and the TCPA speak for themselves and deny any characterization inconsistent with or that will not uphold a reasonable construction of those statutes in whole. Defendants deny the remaining allegations in paragraph 130 of the Complaint.

**VIOLATIONS OF THE TEXAS BUSINESS AND COMMERCE CODE § 302.101**
**(All Defendants)**

131.    Defendants deny the allegations in paragraph 131 of the Complaint.

132.    Defendants deny the allegations in paragraph 132 of the Complaint.

133.    The allegations in paragraph 133 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required,

Defendants state the Texas Business and Commerce Code and the TCPA speak for themselves and deny any characterization inconsistent with or that will not uphold a reasonable construction of those statutes in whole.

134.   The allegations in paragraph 134 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the Texas Business and Commerce Code and the TCPA speak for themselves and deny any characterization inconsistent with or that will not uphold a reasonable construction of those statutes in whole.

135.   The allegations in paragraph 135 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the Texas Business and Commerce Code and the TCPA speak for themselves and deny any characterization inconsistent with or that will not uphold a reasonable construction of those statutes in whole.

136.   The allegations in paragraph 136 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state the Texas Business and Commerce Code and the TCPA speak for themselves and deny any characterization inconsistent with or that will not uphold a reasonable construction of those statutes in whole. Defendants deny the remaining allegations in paragraph 136 of the Complaint.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES**
**AS A RESULT OF THE CALLS**
**(All Defendants)**

137.    Defendants deny the allegations in paragraph 137 of the Complaint.

138.    Defendants deny the allegations in paragraph 138 of the Complaint.

139.    Defendants deny the allegations in paragraph 139 of the Complaint.

140.    Defendants deny the allegations in paragraph 140 of the Complaint.

**CAUSES OF ACTION**

**COUNT ONE**
**Violations of the TCPA, 47 U.S.C. § 227(b)(l)(A)(iii), by Automated Telemarketing**
**Without Prior Express Written Consent**
**(All Defendants)**

141.    For its answer to paragraph 141 of the Complaint, Defendants repeat, re-allege, and incorporate by reference each of its above responses to the preceding paragraphs as if set forth fully herein.

142.    Defendants deny the allegations in paragraph 142 of the Complaint.

143.    Defendants deny the allegations in paragraph 143 of the Complaint.

144.    Defendants deny the allegations in paragraph 144 of the Complaint.

145.    Defendants deny the allegations in paragraph 145 of the Complaint.

**COUNT TWO**
**Violation of the TCPA "Sales Call/DNC" Prohibition,**
**47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C)**
**(All Defendants)**

146.    For its answer to paragraph 146 of the Complaint, Defendants repeat, re-allege, and incorporate by reference each of its above responses to the preceding

paragraphs as if set forth fully herein.

147.    Defendants deny the allegations in paragraph 147 of the Complaint.

148.    Defendants deny the allegations in paragraph 148 of the Complaint.

149.    Defendants deny the allegations in paragraph 149 of the Complaint.

150.    Defendants deny the allegations in paragraph 150 of the Complaint.

## COUNT THREE
### Violations of The Texas Business and Commerce Code 305.053

151.    For its answer to paragraph 151 of the Complaint, Defendants repeat, re-allege, and incorporate by reference each of its above responses to the preceding paragraphs as if set forth fully herein.

152.    Defendants deny the allegations in paragraph 152 of the Complaint.

153.    Defendants deny the allegations in paragraph 153 of the Complaint.

154.    Defendants deny the allegations in paragraph 154 of the Complaint.

## COUNT FOUR
### Violations of The Texas Business and Commerce Code 302.101
### Failure to obtain a Telephone Solicitation Registration Certificate

155.    For its answer to paragraph 155 of the Complaint, Defendants repeat, re-allege, and incorporate by reference each of its above responses to the preceding paragraphs as if set forth fully herein.

156.    Defendants deny the allegations in paragraph 156 of the Complaint.

157.    Defendants deny the allegations in paragraph 157 of the Complaint.

158.    Defendants deny the allegations in paragraph 158 of the Complaint.

**PRAYER FOR RELIEF**

159.     The remaining paragraphs of the Complaint contain Guadian's prayer for relief, all of which constitutes legal conclusions or non-factual matters to which no response is required. To the extent a response is required, Defendants deny, generally and specifically, each and every averment therein and denies that Guadian is entitled to any of the relief requested in the Complaint.

160.     Defendants deny any and all allegations in the Complaint that are not otherwise expressly admitted herein.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendants assert separately the following affirmative defenses to Guadian's claims under Rule 8(c) of the Federal Rules of Civil Procedure:

1.     Defendants assert that Guadian failed to state a claim against Defendants upon which relief can be granted with respect to some or all of the claims in the Complaint.

2.     Defendants assert that Guadian's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the acts, omissions, or other conduct by or on behalf of Guadian.

3.     Defendants assert that Guadian's alleged injuries and damages, if any, were the result of conditions not caused, in whole or in part, by any wrongful act or omission by or on behalf of Defendants.

4.      Defendants assert that Guadian's alleged injuries and damages, if any, are barred, in whole or in part, because Guadian failed to mitigate any such injuries and damages or has failed to exercise due diligence in an effort to mitigate any such injuries or damages.

5.      Defendants assert that Guadian's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

6.      Defendants assert that Guadian's claims are barred, in whole or in part, because any recovery by Guadian would constitute unjust enrichment.

7.      Defendants assert that all conditions precedent to Guadian's alleged recovery have not occurred or have not been satisfied, waived, or excused.

8.      Defendants assert that Guadian is not entitled, as a matter of law, to recover attorneys' fees, exemplary damages, or other equitable relief as pleaded in the Complaint.

9.      Defendants reserve the right under Rule 15(a) of the Federal Rules of Civil Procedure to timely amend its answer to allege more affirmative and other defendants as additional information is obtained through discovery.

## **PRAYER**

Defendants respectfully request that Guadian's claims against Defendants be dismissed with prejudice, that Guadian take nothing by his claims against Defendants, and that Defendants recover all attorney's fees, related nontaxable expenses, and costs

provided for under Fed. R. Civ. P. 54(d), as well as any other relief to which they may be entitled.

Dated: November 29, 2023.

By: /s/ David A. Walton
David A. Walton
Texas Bar No. 24042120
dwalton@bellnunnally.com
Catherine E. Helm*
Texas Bar No. 24132348
chelm@bellnunnally.com
*W.D.Tex. admission pending
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Tel. (214) 740-1445
Fax. (214) 740-5745

Counsel for Defendants DebtBlue, LLC, National Litigation Law Group, LLP, and Council Law Group, PLLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Defendants' Original Answer to Plaintiff's First Amended Complaint* has been served upon the following parties or counsel of record on November 29, 2023.

> Manuel Guadian
> 3805 Tierra Fiji Ln
> El Paso, Texas 79938
> Tel. (915) 251-6018
> guadianmanuel7@gmail.com

> By: */s/ David A. Walton*
> David A. Walton