UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MANUEL GUADIAN, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 3:23-cv-00329-KC |
| | § | |
| DEBTBLUE, LLC, NATIONAL | § | |
| LITIGATION LAW GROUP, LLP, and | § | |
| COUNCIL LAW GROUP, PLLC, | § | |
|    *Defendants*. | § | |

**PLAINTIFF'S RULE 41(a)(2) MOTION TO
VOLUNTARILY DISMISS WITH PREJUDICE**

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Manuel Guadian (Guadian) files this motion seeking voluntary dismissal of this action, including all claims that are or could have been brought in this action, against Defendants DebtBlue, LLC (DebtBlue), National Litigation Law Group, LLP (NLLG), and Council Law Group, PLLC (CLG) (collectively Defendants).

SUMMARY OF PROCEEDINGS

1. On August 28, 2023, Guadian filed a complaint alleging that, between May 23 and June 16, 2023, he received thirteen phone calls and text messages from Defendants soliciting debt relief services. (Doc. 1.) In response to a Rule 12(b)(6) motion to dismiss (Doc. 12), Guadian filed an amended complaint on October 24, 2023, asserting the same allegations but reducing the total phone calls and text messages from thirteen to seven. (Doc. 14.) Based on those allegations, Guadian raised four claims involving violations of

1

the Telephone Consumer Protection Act (TCPA) and, by extension, the Tex. Bus. & Com. Code. On November 7, 2023, Defendants filed another Rule 12(b)(6) motion to dismiss because Guadian failed to allege sufficient facts giving rise to liability for Defendants and cannot plausibly state a claim for relief under the TCPA. (Doc. 17.) On April 16, 2024, the Court granted the motion in part, dismissing all claims against NLLG and CLG and dismissing one claim against DebtBlue, but denied the motion in part as to the remaining claims against DebtBlue. (Doc. 40.)

2.　　In addition, the Court sua sponte considered Rule 11 sanctions on the grounds whether Guadian filed false pleadings, and the Court requested evidence from the parties for further consideration. (Doc. 28.) The Court investigated whether Guadian manufactured the TCPA claims by submitting an online form to be contacted for debt relief services and providing his phone number, but using a false name. Defendants submitted the evidence requested by the Court and sought the opportunity to submit additional briefing on Defendants' recovery of attorney's fees, related nontaxable expenses, and costs. (Doc. 31.) Guadian responded to Defendants' evidence. (Doc. 32.) On February 9, 2024, the Court made a finding that "[t]he evidence corroborates Defendants' earlier allegations, showing that someone completed a form on Defendants' website using the name Mallory Pena and Plaintiff [Guadian]'s phone number." (Doc. 33 at 1-2.) The Court took the matter of sanctions under advisement pending the completion of litigation on the merits and "reiterate[d] its warning that Plaintiff [Guadian] may face

2

severe sanctions if it is determined that he is using this lawsuit as a vehicle through which to attempt fraud." (Doc. 33 at 2.)

## REQUEST FOR RELIEF

3.  In light of the foregoing procedural history, Guadian hereby acknowledges and concedes the lack of legally or factually sufficient evidence to file and maintain this action against Defendants and requests the entry of a court order dismissing this action with prejudice, including all claims that are or could have been brought in this action, against Defendants. Guadian further acknowledges and agrees that Defendants have expended significant time, money, and effort in defending this action. Therefore, Guadian acknowledges and agrees if he (or anyone on his behalf) refiles this action based on or including the same claims or allegations against Defendants, Guadian will be required to pay the costs of this action, including the reasonable attorney's fees and related expenses Defendants expended in defending this action. In that regard, Guadian submits contemporaneously herewith a Rule 41(a)(2) order of dismissal for the Court's consideration and approval. The conditions set forth in the proposed order of dismissal are accepted by Guadian.

4.  Defendants are unopposed to the relief sought by Guadian in this motion and the entry of the proposed Rule 41(a)(2) order of dismissal.

Dated: April 30, 2024.

Respectfully submitted,

By: _____
Manuel Guadian
3805 Tierra Fiji Ln
El Paso, Texas 79938
Tel. (915) 251-6018
guadianmanuel7@gmail.com

*Pro Se Plaintiff*

ACKNOWLEDGEMENT OF NON-OPPOSITION:

By: */s/ David A. Walton*
David A. Walton
Texas Bar No. 24042120
dwalton@bellnunnally.com
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, Texas 75201
Tel. (214) 740-1445
Fax. (214) 740-5745

*Counsel for Defendants DebtBlue, LLC,*
*National Litigation Law Group, LLP,*
*and Council Law Group, PLLC*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the *Plaintiff's Rule 41(a)(2) Motion to Voluntarily Dismiss with Prejudice* has been served upon the following parties or counsel of record on May 6, 2024.

Manuel Guadian
3805 Tierra Fiji Ln
El Paso, Texas 79938
Tel. (915) 251-6018
guadianmanuel7@gmail.com

*Pro Se Plaintiff*

                                       By: */s/ David A. Walton*
                                               David A. Walton