IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MANUEL GUADIAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-23-CV-329-KC |
| | § | |
| DEBTBLUE LLC; NATIONAL | § | |
| LITIGATION LAW GROUP LLP; | § | |
| and COUNCIL LAW GROUP PLLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day, the Court considered Plaintiff's Rule 41(a)(2) Motion to Voluntarily Dismiss with Prejudice ("Motion"), ECF No. 43. Plaintiff filed his Complaint, ECF No. 1, on August 28, 2023, and filed his First Amended Complaint, ECF No. 14, on October 24, 2023. Defendants filed a Motion for Leave to Designate Responsible Third Parties, ECF No. 26, on November 29, 2023, alleging that Guadian completed an online form using a false name to solicit the calls and messages that form the basis for this lawsuit. *Id.* at 6. In response, the Court informed the parties that it was considering imposing sanctions against Plaintiff and ordered the parties to file evidence in support of their positions. Jan. 8, 2024, Order 11–12, ECF No. 28. On January 29, 2024, Defendants filed their Submission of Evidence, ECF No. 31, to which Plaintiff filed a Response, ECF No. 32, on February 6. After reviewing the parties' submissions, the Court determined that "it would be inappropriate to levy sanctions" at that early stage of the case, so it took the sanctions issue under advisement "pending the completion of litigation on the merits." Feb. 9, 2024, Order 2, ECF No. 33. Later, the Court granted in part and denied in part Defendants' Motion to Dismiss, ECF No. 17, dismissing all of Plaintiff's claims against

Defendants National Litigation Law Group LLP and Council Law Group PLLC, as well as Plaintiff's Do-Not-Call claim against DebtBlue LLC.  Apr. 16, 2024, Order 16, ECF No. 40.  However, the rest of Plaintiff's claims against DebtBlue remain pending.  *Id.*

Plaintiff then filed the instant Motion.  In the Motion, Plaintiff requests that the Court dismiss all of his claims with prejudice.  Mot. 3.  Plaintiff "acknowledges and concedes the lack of legally or factually sufficient evidence to file and maintain this action against Defendants."  *Id.*  Although DebtBlue is the only Defendant with pending claims remaining against it, all three Defendants indicate that they are unopposed to the Motion.  Mot. 3–4.

The Court reiterates its grave concern that it appears from the evidence submitted in this case that Plaintiff may have attempted to use the Court to perpetrate a fraud.  Indeed, this concern has only deepened with Plaintiff's concession that he instituted this action without a legal or factual basis to do so.  Upon due consideration, and in light of the parties' agreement, this matter shall be dismissed.  However, the Court's concerns over Plaintiff's apparent misconduct extend beyond just this one case to the many TCPA lawsuits that Plaintiff has filed in this Division.  In accordance with the Court's obligation to ensure that this institution is not used as a means of grift,[1] the Court issues the attached Notice, with instructions that Plaintiff provide copies of the same to all defendants against whom he has pending claims in this Division.

Accordingly, the Motion is **GRANTED** in part and the Court **ORDERS** that all of Plaintiff's claims in this case are **DISMISSED** with prejudice.

---

[1] *Great Am. Ins. Co. v. McElwee Bros., Inc.*, No. 03-cv-2793, 2004 WL 944520, at *1 (E.D. La. Apr. 30, 2004) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

**IT IS FURTHER ORDERED** that Plaintiff shall **SERVE**, <u>no later than May 31, 2024</u>, the attached Notice on each Defendant against whom Plaintiff has pending claims in any open lawsuit in this Division, in the following manner:

- For all Defendants who have entered an appearance and are represented by counsel, Plaintiff shall serve those Defendants by filing the Notice on the docket in the respective cases; and

- For all Defendants who have not appeared or who are representing themselves pro se, Plaintiff shall serve those Defendants by any means contemplated by Federal Rule of Civil Procedure 5(b) and shall also file a certificate of service on the docket in the respective cases.

**<u>Plaintiff is WARNED that failure to comply with this Order may result in sanctions, including, but not limited to, dismissal of his pending cases and/or the issuance of an anti-suit injunction.</u>**

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 7th day of May, 2024.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

|  |  |  |
|---|---|---|
| **IN RE: MANUEL GUADIAN** | § § § | **ALL PENDING CASES** |

## NOTICE

In compliance with the Court's May 7, 2024, Order in *Guadian v. DebtBlue LLC*, No. 3:23-cv-329-KC (W.D. Tex.), Plaintiff Manuel Guadian provides this Notice.  In that case, the defendants alleged and provided evidence showing that Plaintiff Guadian completed an online form under a false name in order to solicit the very phone calls that formed the basis for his lawsuit.  Plaintiff Guadian denied those allegations, but later conceded that he brought the lawsuit without any legal or factual basis to do so and moved to dismiss his claims.